IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTONIO VARGAS,  No C-10-3077 VRW (PR)

    Petitioner,

      v  ORDER TO SHOW CAUSE

RANDY GROUNDS, Warden,

    Respondent.
                                  /

    Petitioner, a state prisoner incarcerated at the Correctional Training Facility in Soledad, California, has filed a pro se petition for a writ of habeas corpus under 28 USC § 2254 challenging the forfeiture of time credits and loss of certain privileges following a disciplinary proceeding at which he was found guilty of participation in a racial riot. Doc #1. Petitioner has paid the $5.00 filing fee.

    Petitioner unsuccessfully challenged the forfeiture of time credits and loss of privileges in the state courts until the Supreme Court of California denied his final state habeas petition on January 21, 2010. Doc #1 at 4-5; Doc #1-1 at 24-32. The instant

federal petition followed.

**I**

**A**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 USC § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id § 2243.

**B**

A prisoner is entitled to due process in connection with a disciplinary proceeding that imposes discipline that affects the duration of his sentence. See <u>Sandin v Conner</u>, 515 US 472, 484, 487 (1995). The process due in such a proceeding includes written notice, preparation time, a written decision, allowance of witnesses and documentary evidence when not unduly hazardous and aid to the accused where the prisoner is illiterate or the issues are complex. <u>Wolff v McDonnell</u>, 418 US 539, 564-67 (1974). In addition, the findings of the prison disciplinary decision-maker must be supported by some evidence in the record. <u>Superintendent v Hill</u>, 472 US 445, 454 (1985).

Petitioner seeks federal habeas corpus relief on the ground that the disciplinary proceeding that resulted in the

2

forfeiture of time credits and loss of certain privileges violated his right to procedural and substantive due process. Liberally construed, the claim appears cognizable under § 2254 and merits an answer from respondent. See <u>Zichko v Idaho</u>, 247 F3d 1015, 1020 (9th Cir 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

## II

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within sixty (60) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty (30) days of his receipt of the answer.

3. In lieu of an answer, respondent may file a motion to dismiss on procedural grounds as set forth in the Advisory Committee

3

Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen (15) days of receipt of any opposition.

   4.   Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner also must keep the court and all parties informed of any change of address.

   IT IS SO ORDERED.

   _____
   **VAUGHN R WALKER**
   **United States District Chief Judge**

G:\PRO-SE\VRW\HC.10\Vargas-10-3077-osc.wpd

**4**

**United States District Court**
For the Northern District of California